IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAMASO LLAMAS CUETO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-103 |
| | ) | |
| STACEY N. STONE, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at McRae Correctional Institution ("MCI") in McRae, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.   SCREENING OF THE COMPLAINT

   A.   BACKGROUND

Plaintiff names the following as Defendants in this case: (1) Stacey N. Stone, Warden at MCI; (2) Stacy Giles, Health Administrator at MCI; and, (3) Charles B. Samwel, Director of the Bureau of Prisons. (See doc. no. 1, pp. 1, 5-6.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff has been incarcerated since 2010, and in 2011, he had three operations on three hernias. (Id. at 3.) Four months later, two of the hernias pulled apart, and upon his transfer to MCI,

Plaintiff sought medical treatment for the resultant pain from the torn hernias. (Id.) Four or five months after that first request for medical treatment, Plaintiff was provided a support belt that provided Plaintiff relief for approximately two years. (Id.) However, Plaintiff is now "in a lot of pain" no matter how he wears the support belt, and he cannot exercise. (Id. at 3-4.) Defendants refuse to order surgery to repair the torn hernias, leaving Plaintiff in "extreme pain" and unable to do any exercise. (Id. at 4.)

Defendant Giles denied Plaintiff's request for surgery on behalf of the Utilization Review Committee (id.), and Defendant Stone denied Plaintiff's grievance appeal requesting the same (id. at 5). Although Defendant Samwel, Director of the Bureau of Prisons, is not alleged to have received notice about Plaintiff's care and treatment issues, Plaintiff asserts that he has a duty to make sure prison officials like Defendants Stone and Giles are running prisons properly. (Id. at 6.) Therefore, Plaintiff argues, all three Defendants have failed to provide adequate medical treatment for his hernias and are liable for deliberate indifference to his serious medical need. (Id. at 10-12.) Plaintiff seeks a declaration that Defendants have violated his constitutional rights, and an injunction ordering that he receive surgery for his hernias. (Id. at 12.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim against Defendant Samwel.

Plaintiff's complaint fails to state a claim against Defendant Samwel, the Director of the Bureau of Prisons, because Plaintiff is attempting to hold Mr. Samwel liable merely because of his supervisory position as the head of the Bureau of Prisons. In other words, Plaintiff improperly attempts to hold this Defendant responsible for the acts of Defendants Stone and Giles. However,

"[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a supervisor liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff alleges he "is in [the] care" of Defendant Samwel because MCI is under contract with the Bureau of Prisons to house federal prisoners, and Defendant should not "allow" Defendants Giles and Stone to deny Plaintiff medical care. (Doc. no. 1, p. 6.) However, Plaintiff does not allege that Defendant Samwel was the individual responsible for making the medical determination as to whether Plaintiff needs surgery to repair his hernias.

Likewise, Plaintiff must allege a causal connection between Defendant Samwel and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)

4

(requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff concedes that Defendant Samwel was not made aware of any problem with Plaintiff's medical treatment at MCI because when his grievance was denied at MCI, Plaintiff was told that he could not file an appeal to Defendant Samwel. Nor has Plaintiff alleged Defendant Samwel had any knowledge of a widespread problem with medical care at MCI.

In sum, Plaintiff has not shown Defendant Samwel actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against this Defendant, and he should be dismissed from the case. In a companion Order, the Court allows Plaintiff to proceed with his Eighth Amendment deliberate indifference claim against Defendants Stone and Giles.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant Samwel be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 17th day of November, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA